## STATE BANK OF WHEATLAND v. TURPEN, ET AL., (SHOSHONI GARAGE, INC., Intervener)

(No. 1838; November 21, 1934; 37 Pac. (2d) 679)

In support of the petition for re-hearing there was a memorandum brief by *Wm. C. Kinkead,* of Cheyenne.

BLUME, Justice.

A petition for rehearing has been filed herein. It is only necessary to refer to the main point argued. It is still insisted by counsel for appellant that the allowances made by the state on the bills of the Colorado Builders' Supply Company and of the Shoshoni Lumber Company, similarly situated, as mentioned at the beginning of the second paragraph of the original opinion herein, should be regarded as absolute payment of these bills, for the reason, among others, that the warrants issued pursuant to such allowances were issued directly to the bank.

We called attention to the fact in the original opinion that payment is ordinarily largely a matter of intention of the parties. The warrants in question were not accepted as payment of the bills above mentioned. There can be no dispute on that point. They were not tendered by the state as such payment. They included items which had nothing to do with the bills in question. The state made no request when the warrants were issued as to how they should be applied. Counsel for appellant evidently construes the situation to be as though the bills mentioned had been presented to the state for payment, and that upon such presentation they were paid by the state. But that is not true. That is a vital defect in counsel's reasoning. These bills were not presented to the state for payment. The warrants in question could not, accordingly, be considered as such payment, at least directly. The latter were issued, not in payment of these bills, but in part pay-

ment of the property which the contractor had on the ground where the bridge was being built. Counsel, upon further consideration, cannot fail to see that this difference is vital. Hence, not finding in the record any elements of direct payment, if these bills are to be considered as actually paid, as contended, such result could be reached only indirectly. A number of grounds for that were urged on the original hearing. It was contended that such payment should be held to have resulted, (a) because Turpen would not have received an allowance for the bills in question except for the filing of receipts for the bills, and that there was a breach of contract, if the bills in question were not to be considered as paid; (b) because the filing of such receipts should operate as an estoppel; (c) because Brice was guilty of fraud; (d) because the funds in the hands of the state was a trust fund, for the reason, among others, that the warrants issued for the bills in question did not go into the ordinary channels of trade. We passed upon all of these contentions and found that they were not well taken. We held that it could not logically make any difference whether Turpen assigned the warrants to the bank after they were issued, or whether he directed them to be issued directly to the bank, as was done in this case. We cited in support thereof Third National Bank v. Surety Co., 65 Fed. (2d) 548; Southern Surety Co. v. Bank, 47 Fed. (2d) 93, and State v. Miller, 169 La. 914, 126 So. 422, in which warrants were issued directly to the bank just as in the case at bar. We think counsel on the original hearing gave all possible grounds upon which his contention could be based. He has added no others in his petition for rehearing. We can think of no more. And, having overruled his former arguments, and not seeing any reasons for changing our views on the matters discussed in the original opinion, it follows that the petition for rehearing must be denied. It is so ordered.

*Rehearing Denied.*

KIMBALL, Ch. J., and RINER, J., concur.